# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION,<br><br>    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>    Defendant. | Case No. 6:11-cv-343 (LED)<br><br>Jury Trial Requested |

## COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION'S REPLY TO AMENDED COUNTERCLAIMS BY DEFENDANT CISCO SYSTEMS, INC.

Plaintiff Commonwealth Scientific and Industrial Research Organisation ("CSIRO") hereby makes its reply to the Amended Counterclaims presented by Defendant Cisco Systems, Inc. ("Cisco").

## CISCO'S AMENDED COUNTERCLAIMS

### THE PARTIES

1. CSIRO admits the allegations set forth in Paragraph 1 of Cisco's Amended Counterclaims.

2. CSIRO admits the allegations set forth in Paragraph 2 of Cisco's Amended Counterclaims.

3. CSIRO denies each and every allegation set forth in Paragraph 3 of Cisco's Amended Counterclaims.

## JURISDICTION AND VENUE

4. CSIRO admits that the court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 4 of Cisco's Amended Counterclaims.

5. CSIRO admits that the court has personal jurisdiction over CSIRO with respect to CSIRO's complaint against Defendant. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 5 of Cisco's Amended Counterclaims.

6. CSIRO admits that venue is proper in this Court. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 6 of Cisco's Amended Counterclaims.

## FIRST COUNT
### (Declaration of Non-Infringement)

7. CSIRO incorporates by reference Paragraphs 1-6 of this Reply to Amended Counterclaims as if fully set forth herein.

8. CSIRO admits that it has brought a patent infringement action against Cisco. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 8 of Cisco's Amended Counterclaims.

9. CSIRO admits that its complaint alleges that CSIRO "holds all rights and interest in the '069 Patent." Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 9 of Cisco's Amended Counterclaims.

10. CSIRO admits that its complaint alleges that defendant has infringed directly and indirectly and continues to infringe directly and indirectly the '069 Patent. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 10 of Cisco's Amended Counterclaims.

11. Paragraph 11 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Paragraph 11 of Cisco's Amended Counterclaims.

12. CSIRO denies each and every allegation set forth in Paragraph 12 of Cisco's Amended Counterclaims.

13. CSIRO denies each and every allegation set forth in Paragraph 13 of Cisco's Amended Counterclaims.

14. CSIRO has insufficient information to confirm or deny the allegations in Paragraph 14 of Cisco's Amended Counterclaims and on that basis denies such allegations.

15. CSIRO denies each and every allegation set forth in Paragraph 15 of Cisco's Amended Counterclaims.

## SECOND COUNT
### (Declaration of Patent Invalidity)

16. CSIRO incorporates by reference Paragraphs 1-15 of this Reply to Amended Counterclaims as if fully set forth herein.

17. CSIRO admits that it has brought a patent infringement action against Cisco. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 17 of Cisco's Amended Counterclaims.

18. Paragraph 18 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Paragraph 18 of Cisco's Amended Counterclaims.

19. CSIRO denies each and every allegation of Paragraph 19 of Cisco's Amended Counterclaims.

20. CSIRO has insufficient information to confirm or deny the allegations in Paragraph 20 of Cisco's Amended Counterclaims and on that basis denies such allegations.

21. CSIRO denies each and every allegation of Paragraph 21 of Cisco's Amended Counterclaims.

## THIRD COUNT
### (Declaration of Patent Unenforceability Due to Inequitable Conduct)

22. CSIRO incorporates by reference Paragraphs 1-21 of its Reply to Amended Counterclaims as if fully set forth herein.

23. CSIRO admits that it has brought a patent infringement action against Cisco. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 23 of Cisco's Amended Counterclaims.

24. CSIRO denies each and every allegation set forth in Paragraph 24 of Cisco's Amended Counterclaims.

25. CSIRO denies each and every allegation set forth in Paragraph 25 of Cisco's Amended Counterclaims.

26. Paragraph 26 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO admits that in circumstances different from those surrounding the factual allegations raised in Cisco's Amended Counterclaims the withholding of material prior art with the intent to deceive the United States Patent and Trademark Office ("USPTO") may be a violation of the duty of disclosure under Title 37, Code of Federal Regulations, § 1.56, and may constitute inequitable conduct. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 26 of Cisco's Amended Counterclaims.

27. CSIRO admits that on January 10, 1994 CSIRO filed with the USPTO a declaration by all of the named inventors on the '069 patent. CSIRO admits that this declaration acknowledges the duty to disclose to the United States Patent and Trademark Office all information known to inventors to be material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 27 of Cisco's Amended Counterclaims.

28. Paragraph 28 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Paragraph 28 of Cisco's Amended Counterclaims.

29. CSIRO admits that on February 3, 1995, CSIRO filed with the USPTO an Information Disclosure Statement ("IDS") in compliance with the duty of disclosure as set forth in Title 37, Code of Federal Regulations, § 1.56. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 29 of Cisco's Amended Counterclaims.

### A. THE PERCIVAL PAPER

30. CSIRO admits that the IDS disclosed prior art publications to the USPTO. CSIRO admits that the IDS did not include the paper entitled "Wireless Systems at High Bit Rates – Technical Challenges" ("the Percival paper"). Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 30 of Cisco's Amended Counterclaims.

31. CSIRO admits that two CSIRO researchers named as inventors on the '069 Patent, Dr. Terence Percival and Dr. John O'Sullivan, coauthored a paper entitled "Wireless Systems at High Bit Rates – Technical Challenges," ("the Percival paper") with a third author, Alan Young. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 31 of Cisco's Amended Counterclaims.

32. CSIRO has insufficient information to confirm or deny the allegations set forth in the first sentence of Paragraph 32 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 32 of Cisco's Amended Counterclaims.

33. CSIRO admits that the Percival paper bears the words "CSIRO" and "Division of Radiophysics." CSIRO further admits that the acknowledgments section of the paper states:

> The work presented here is a summary of the barriers and solutions to providing a high-speed WLAN system. The work is a result of the discussions held over the last twelve months with a large number of colleagues in the CSIRO Institute of Information Science and Engineering and Macquarie University.

Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 33 of Cisco's Amended Counterclaims.

34. CSIRO denies each and every allegation set forth in Paragraph 34 of Cisco's Amended Counterclaims.
35. CSIRO denies each and every allegation set forth in Paragraph 35 of Cisco's Amended Counterclaims.
36. CSIRO denies each and every allegation set forth in Paragraph 36 of Cisco's Amended Counterclaims.
37. CSIRO denies each and every allegation set forth in Paragraph 37 of Cisco's Amended Counterclaims.
38. CSIRO denies each and every allegation set forth in Paragraph 38 of Cisco's Amended Counterclaims.
39. CSIRO denies each and every allegation set forth in Paragraph 39 of Cisco's Amended Counterclaims.
40. CSIRO denies each and every allegation set forth in Paragraph 40 of Cisco's Amended Counterclaims.
41. CSIRO admits that Dr. Terence Percival and Dr. John O'Sullivan, coauthored a paper entitled "Wireless Systems at High Bit Rates – Technical Challenges," with a third author, Alan Young, and that the paper bears on its face the date 12-13 November 1992. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 41 of Cisco's Amended Counterclaims.
42. CSIRO denies each and every allegation set forth in Paragraph 42 of Cisco's Amended Counterclaims.
43. CSIRO denies each and every allegation set forth in Paragraph 43 of Cisco's Amended Counterclaims.

### B.  THE BARRY PAPER

44. CSIRO admits that the IDS did not include a paper entitled "High-Speed Nondirective Optical Communication for Wireless Networks" ("the Barry paper"). CSIRO admits that, on its face, the Barry paper appears to have been authored by John R. Barry, Joseph M. Kahn,

Edward A. Lee, and David Messerschmitt. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 44 of Cisco's Amended Counterclaims.

45. CSIRO admits that the Barry paper was cited in the Percival paper, which lists as authors two CSIRO researchers named as inventors on the '069 Patent, Dr. Terrence Percival and Dr. John O'Sullivan, with a third author, Alan Young. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 45 of Cisco's Amended Counterclaims.

46. CSIRO has insufficient information to confirm or deny the allegations set forth in the first sentence of Paragraph 46 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein. CSIRO denies each and every other allegation set forth in Paragraph 46 of Cisco's Amended Counterclaims.

47. CSIRO denies that the Barry paper disclosed a wireless LAN using multicarrier modulation. CSIRO admits that the Barry paper is eleven pages long. CSIRO admits that the quoted section appears in the abstract of the cited publication. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 47 of Cisco's Amended Counterclaims.

48. CSIRO denies each and every allegation set forth in Paragraph 48 of Cisco's Amended Counterclaims.

49. CSIRO denies each and every allegation set forth in Paragraph 49 of Cisco's Amended Counterclaims.

50. CSIRO denies each and every allegation set forth in Paragraph 50 of Cisco's Amended Counterclaims.

51. CSIRO denies each and every allegation set forth in Paragraph 51 of Cisco's Amended Counterclaims.

52. CSIRO denies each and every allegation set forth in Paragraph 52 of Cisco's Amended Counterclaims.

53. CSIRO denies each and every allegation set forth in Paragraph 53 of Cisco's Amended Counterclaims.

54. CSIRO denies each and every allegation set forth in Paragraph 54 of Cisco's Amended Counterclaims.

55. CSIRO denies each and every allegation set forth in Paragraph 55 of Cisco's Amended Counterclaims.

### C. THE RAULT PAPER

56. CSIRO admits that the IDS did not include a paper entitled "The Coded Orthogonal Frequency Division Multiplexing (COFDM) Technique, and its Application to Digital Radio Broadcasting Towards Mobile Receivers," by J.C. Rault, D. Castelain, and B. Le Floch ("the Rault paper"). Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 56 of Cisco's Amended Counterclaims.

57. CSIRO has insufficient information to confirm or deny the allegations set forth in the first sentence of Paragraph 57 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein. CSIRO denies each and every other allegation set forth in Paragraph 57 of Cisco's Amended Counterclaims.

58. CSIRO admits that the Rault paper is five pages long and contains the quoted section in its abstract. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 58 of Cisco's Amended Counterclaims.

59. CSIRO denies each and every allegation set forth in Paragraph 59 of Cisco's Amended Counterclaims.

60. CSIRO denies each and every allegation set forth in Paragraph 60 of Cisco's Amended Counterclaims.

61. CSIRO denies each and every allegation set forth in Paragraph 61 of Cisco's Amended Counterclaims.

62. CSIRO denies each and every allegation set forth in Paragraph 62 of Cisco's Amended Counterclaims.

63. CSIRO denies each and every allegation set forth in Paragraph 63 of Cisco's Amended Counterclaims.

64. CSIRO denies each and every allegation set forth in Paragraph 64 of Cisco's Amended Counterclaims.

65. CSIRO denies each and every allegation set forth in Paragraph 65 of Cisco's Amended Counterclaims.

66. CSIRO denies each and every allegation set forth in Paragraph 66 of Cisco's Amended Counterclaims.

67. CSIRO denies each and every allegation set forth in Paragraph 67 of Cisco's Amended Counterclaims.

### D. THE LE FLOCH PAPER

68. CSIRO admits that the IDS did not include a paper entitled "Digital Sound Broadcasting to Mobile Receivers" by Bernard Le Floch, Roselyne Halbert-Lassalle, and Damien Castelain ("the Le Floch paper"). Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 68 of Cisco's Amended Counterclaims.

69. CSIRO has insufficient information to confirm or deny the allegations set forth in the first sentence of Paragraph 69 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein. CSIRO denies each and every other allegation set forth in Paragraph 69 of Cisco's Amended Counterclaims.

70. CSIRO admits that the Le Floch paper is eleven pages long. CSIRO admits that the quoted text appears in the cited paper. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 70 of Cisco's Amended Counterclaims.

71. CSIRO denies each and every allegation of Paragraph 71 of Cisco's Amended Counterclaims.

72. CSIRO denies each and every allegation of Paragraph 72 of Cisco's Amended Counterclaims.

73. CSIRO denies each and every allegation of Paragraph 73 of Cisco's Amended Counterclaims.

74. CSIRO denies each and every allegation of Paragraph 74 of Cisco's Amended Counterclaims.

75. CSIRO denies each and every allegation of Paragraph 75 of Cisco's Amended Counterclaims.

76. CSIRO denies each and every allegation of Paragraph 76 of Cisco's Amended Counterclaims.

77. CSIRO denies each and every allegation of Paragraph 77 of Cisco's Amended Counterclaims.

78. CSIRO denies each and every allegation of Paragraph 78 of Cisco's Amended Counterclaims.

79. CSIRO denies each and every allegation of Paragraph 79 of Cisco's Amended Counterclaims.

### E. THE BINGHAM PAPER

80. CSIRO admits that the IDS did not include the publication entitled "Multicarrier Modulation for Data Transmission: An Idea Whose Time Has Come," by John A. Bingham ("the Bingham paper"). Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 80 of Cisco's Amended Counterclaims.

81. CSIRO has insufficient information to confirm or deny the allegations set forth in the first sentence of Paragraph 81 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein. CSIRO denies each and every other allegation set forth in Paragraph 81 of Cisco's Amended Counterclaims.

82. CSIRO admits that the Bingham paper is eight pages long. Except as expressly admitted herein, CSIRO denies each and every allegation of Paragraph 82 of Cisco's Amended Counterclaims.

83. CSIRO denies each and every allegation of Paragraph 83 of Cisco's Amended Counterclaims.

84. CSIRO denies each and every allegation of Paragraph 84 of Cisco's Amended Counterclaims.

85. CSIRO denies each and every allegation of Paragraph 85 of Cisco's Amended Counterclaims.

86. CSIRO denies each and every allegation of Paragraph 86 of Cisco's Amended Counterclaims.

87. CSIRO denies each and every allegation of Paragraph 87 of Cisco's Amended Counterclaims.

88. CSIRO denies each and every allegation of Paragraph 88 of Cisco's Amended Counterclaims.

89. CSIRO denies each and every allegation of Paragraph 89 of Cisco's Amended Counterclaims.

90. CSIRO denies each and every allegation of Paragraph 90 of Cisco's Amended Counterclaims.

**F. HF RADIOS AND MODEMS**

91. CSIRO denies each and every allegation of Paragraph 91 of Cisco's Amended Counterclaims.

92. CSIRO has insufficient information to confirm or deny the allegations in Paragraph 92 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein.

93. CSIRO denies each and every allegation of Paragraph 93 of Cisco's Amended Counterclaims.

94. CSIRO denies each and every allegation of Paragraph 94 of Cisco's Amended Counterclaims.

95. CSIRO has insufficient information to confirm or deny the allegations in Paragraph 95 of Cisco's Amended Counterclaims, and on that basis denies each and every allegation therein.

96. CSIRO denies each and every allegation of Paragraph 96 of Cisco's Amended Counterclaims.

97. CSIRO denies each and every allegation of Paragraph 97 of Cisco's Amended Counterclaims.

98. CSIRO denies each and every allegation of Paragraph 98 of Cisco's Amended Counterclaims.

99. CSIRO denies each and every allegation of Paragraph 99 of Cisco's Amended Counterclaims.

100. CSIRO denies each and every allegation of Paragraph 100 of Cisco's Amended Counterclaims.

### H. ARGUMENTS FOR PATENTABILITY (sic)

**Cisco's Amended Counterclaims do not include a subparagraph G.**

101. CSIRO denies each and every allegation of Paragraph 101 of Cisco's Amended Counterclaims.

102. CSIRO denies each and every allegation of Paragraph 102 of Cisco's Amended Counterclaims.

103. CSIRO admits that it filed an amendment to its originally filed claims on or about June 30, 1995. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 103 of Cisco's Amended Counterclaims.

104. CSIRO admits that in support of its argument for the patentability of its amended claims, it asserted that certain prior art cited by the USPTO examiner did not disclose several specific elements of those claims. Except as expressly admitted herein, CSIRO denies each and every allegation set forth in Paragraph 104 of Cisco's Amended Counterclaims.

105. CSIRO denies each and every allegation of Paragraph 105 of Cisco's Amended Counterclaims.

106. CSIRO denies each and every allegation of Paragraph 106 of Cisco's Amended Counterclaims.

107. CSIRO denies each and every allegation of Paragraph 107 of Cisco's Amended Counterclaims.

108. CSIRO denies each and every allegation of Paragraph 108 of Cisco's Amended Counterclaims.

109. CSIRO denies each and every allegation of Paragraph 109 of Cisco's Amended Counterclaims.

110. Paragraph 110 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Paragraph 110 of Cisco's Amended Counterclaims.

111. Paragraph 111 of Cisco's Amended Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation set forth in the first sentence of Paragraph 111 of Cisco's Amended Counterclaims. CSIRO denies each and every other allegation set forth in Paragraph 111 of Cisco's Amended Counterclaims.

112. Paragraph 112 of Cisco's Amended Counterclaims states a request for relief to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation set forth in the first sentence of Paragraph 112 of Cisco's Amended Counterclaims. CSIRO denies each and every other allegation set forth in Paragraph 112 of Cisco's Amended Counterclaims.

## CISCO'S JURY DEMAND

Cisco's Jury Demand is an allegation to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Cisco's Jury Demand.

## CISCO'S PRAYER FOR RELIEF

Cisco's Prayer for Relief is an allegation to which no response is required. To the extent that a response is deemed required, CSIRO denies each and every allegation of Cisco's Prayer for Relief.

## CSIRO'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Each of Cisco's alleged Amended Counterclaims fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Each of Cisco's Amended Counterclaims is barred, in whole or in part, by Cisco's lack of standing.

### Third Affirmative Defense

3. Each of Cisco's Amended Counterclaims is barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

## CSIRO'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff CSIRO requests entry of judgment in its favor and against Cisco as follows:

a) An Order that Cisco's first, second and third Amended Counterclaims be dismissed, with prejudice, and that Cisco take nothing by its Amended Counterclaims;

b) A declaration that Cisco has infringed the '069 Patent;

c) A declaration that the '069 Patent is valid;

d) A declaration that the '069 Patent is enforceable;

e) An Order permanently enjoining Cisco and its officers, agents, employees, and those acting in privity with them, from further direct infringement, contributory infringement and/or inducing infringement of the '069 Patent;

f) An award of damages to CSIRO arising out of the infringement of the '069 Patent by Cisco, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest in an amount according to proof;

g) An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

h) An award of other costs and further relief as the Court may deem just and proper.

Dated: December 29, 2011           Respectfully submitted,

/s/ Elizabeth L. DeRieux
James M. Wagstaffe (CA Bar No. 95535)
Michael Ng (CA Bar No. 237915)
Maria Radwick (CA Bar No. 253780)
**KERR & WAGSTAFFE LLP**
100 Spear Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-8500
Facsimile: (415) 371-0500
E-mail: wagstaffe@kerrwagstaffe.com
E-mail: mng@kerrwagstaffe.com
E-mail: radwick@kerrwagstaffe.com

S. Calvin Capshaw (State Bar No. 03783900)
Elizabeth L. DeRieux (State Bar No. 05770585)
D. Jeffrey Rambin (State Bar No. 00791478)
John E. Lord (CA Bar No. 216111)
**CAPSHAWDERIEUX, LLP**
114 E. Commerce St.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com
E-mail: jlord@capshawlaw.com

Frederick G. Michaud (DC Bar No. 177675)
**CAPSHAWDERIEUX, LLP - WASHINGTON**
1801 Florida Avenue, NW
Washington, DC 20009
Telephone: 202-588-1960
Facsimile: 202-588-1961
E-mail: fmichaud@capshawlaw.com

Michael F. Heim (State Bar No. 09380923)
Leslie V. Payne (State Bar No. 00784736)
Miranda Y. Jones (State Bar No. 24065519
**HEIM, PAYNE &CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912

Telephone: (713) 221-2000
Facsimile: (713) 221 -2021
E-Mail: mheim@hpcllp.com
E-Mail: lpayne@hpcllp.com
E-Mail: mjones@hpcllp.com

**ATTORNEYS FOR COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH ORGANISATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 29, 2011 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux